THE PEOPLE *v.* ESTEVES ET AL.

APPEAL from the District Court of Aguadilla.

No. 43.—Decided February 12, 1907.

OBLIGATIONS—BOND ·TO SECURE COMPLIANCE WITH INTERNAL-REVENUE LAWS—DAMAGES AND LOSSES—CAUSE OF ACTION.—Bonds furnished to secure compliance with the internal-revenue laws constitute a civil obligation entirely independent of the damages which The People of Porto Rico may suffer by failure of the obligee to comply and of the criminal liability which a party may incur in carrying on his business, and therefore it is unnecessary to state in a complaint to recover the amount of such a bond the extent of the damages suffered by The People of Porto Rico, or that the obligee failed to pay the fine or to comply with any of the other obligations imposed in a criminal prosecution.

ID.—LIABILITY OF SURETIES.—In accordance with the provisions of sections 1104 and 1723 of the Civil Code, the liability of sureties is subsidiary, or, in other words, they become liable only in case the principal appears insolvent after the liquidation of his property, unless the sureties assume the obligation jointly with the principal, in which case they may be sued jointly with him; it being necessary, therefore, when a complaint is brought against a debtor and his sureties to state therein that they are jointly bound with the debtor, as otherwise it will not state facts sufficient to constitute a cause of action.

The facts are stated in the opinion.

*Mr. Franco Soto* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

The People of Porto Rico, represented by the *fiscal* of the district of Aguadilla, filed a complaint in a civil action in said

district court, against J. F. Esteves, Ulderico Amell, and the
widow and heirs of Antonio de la Rosa, for the recovery of
the sum of $750 on a bond furnished by J. F. Esteves, as prin-
cipal, and Ulderico Amell and Antonio de la Rosa, the pre-
decessor in interest of the said widow and heirs, as sureties,
to answer for the said J. F. Esteves complying with each and
every one of the provisions of the revenue laws and their reg-
ulations, in the distillation of rum in which he proposed to
engage, alleging as a ground for the complaint, that said bond
executed under date of April 19, 1901, contains among other
stipulations the express stipulation that if the said J. F. Es-
teves—

"Should pay or cause to be paid, as provided by the internal-
revenue laws of Porto Rico, in accordance with an Act of the Legisla-
tive Assembly of Porto Rico, approved January 31, 1901, entitled
'An Act to provide revenues for The People of Porto Rico, and for
other purposes,' the sum of 60 cents upon each gallon of rum or frac-
tion of a gallon of rum, or bay rum, and the sum of 80 cents upon
each gallon or fraction of a gallon of other distilled spirits, manufac-
tured and shipped out of said distillery for sale or consumption in
Porto Rico, by affixing and canceling internal-revenue stamps or stub
invoices in an amount sufficient to pay the tax on each gallon of rum
or other distilled spirits shipped, in the manner prescribed or which
may be prescribed by the Treasurer of Porto Rico in the regulations
issued for the government of manufacturers, in the affixing of in-
ternal-revenue stamps and stub invoices, and in the shipment of rum
or other distilled spirits, etc., etc., then, upon compliance with said
provisions, this obligation shall be void, otherwise, it shall remain in
full force."

That said J. F. Esteves openly violated the terms of the
said bond and especially the stipulation transcribed, because
on August 22, 1904, the Municipal Court of Aguadilla sen-
tenced said J. F. Esteves to pay a fine of $100 and the $322.86
in internal-revenue stamps which he had failed to use, or to be
imprisoned in default of payment. This sentence was im-
posed in proceedings prosecuted against him and others on
account of the manufacture and sale of 538 gallons of rum,

without paying the corresponding tax, thus violating the terms of the bond and rendering himself liable for the amount thereof in conjunction with the other defendants who signed it as sureties. Upon these grounds he closed his complaint with the prayer that the defendants be adjudged to pay the sum claimed, legal interest from the date of the complaint, and the costs of the proceedings. The parties having been summoned to make answer to the complaint, they demurred thereto, on the ground that it did not state facts sufficient to constitute a cause of action and that it was ambiguous and uncertain, making answer at the same time that they admitted the fact that the defendant Esteves had been sentenced by the Municipal Court of Aguadilla, as alleged in the complaint, for a violation of the internal-revenue laws, but allegeing as new matter in opposition that all the penalties and fines referred to in said sentence had been paid to The People of Porto Rico, the latter being indemnified in full without having suffered any loss or damage whatsoever. The lower court overruled the demurrer, with the costs and the oral trial having been held, it rendered judgment on March 22, 1906, holding that the law and the facts were in favor of the plaintiff and that The People of Porto Rico should recover from J. F. Esteves, Ulderico Amell and the widow and heirs of Antonio de la Rosa, or from any of them, the sum of $750, and the costs of the proceedings, and that execution should issue against the property of the defendants for the satisfaction of the judgment. The defendants filed a motion for a new trial in the district court, taking cognizance of the matter upon the ground that the judgment rendered was contrary to the law and that an error had been committed at the trial, to which the defendant had excepted. The proper statement of facts or summary of the evidence was formulated in support of the motion, which was dismissed by the lower court after proper consideration. The defendants took an appeal to this court from the judgment rendered in said action and from the decision denying a new trial, both

parties having filed briefs and made oral arguments in support of their respective claims.

The juridical problem propounded and submitted to the consideration of the court in this case, as the appellants propound it in their brief, is reduced to a determination of whether the District Court of Aguadilla has erred in overruling the demurrer to the complaint filed by the defendants J. F. Esteves, Ulderico Amell and the Estate of Antonio de la Rosa, or, otherwise, whether the judgment rendered by said court on the merits of the question at issue does or does not conform to the provisions of law.

The question being raised in this form, we must begin with the demurrer.

As we have said, there were two grounds upon which the demurrer was filed: That the complaint did not state facts sufficient to constitute a cause of action, and that it was unintelligible, ambiguous and uncertain.

Rejecting the latter ground, because the meaning of the complaint is perfectly intelligible and correct in every respect and does not present the slightest doubt or ambiguity, let us pass to the other exception taken, which is based on the three following grounds:

1. That the complaint does not state in any of its allegations that the plaintiff—that is to say, The People of Porto Rico—has suffered any damage by the acts of J. F. Esteves.

2. That the complaint alleges that Esteves violated the terms of the bond and that he was sentenced by the Municipal Court of Aguadilla, but it is not alleged that he did not pay the fine imposed on him and the amount of the stamps he failed to use, and this being the case, there is no cause of action for recovery upon said bond, because only in the event that he had failed to discharge such liabilities would it be reasonable to proceed against the bond; and, finally, that as the bond does not state that the sureties had bound themselves with the principal debtor jointly, no cause of action can exist against them, because they are responisble for the bond only

when they bind themselves jointly with the principal debtor, or when the property of the latter having been proceeded against, he should have been found insolvent.

Of these grounds alleged in support of the demurrer, the first two are not admissible, inasmuch as the bond having been furnished to answer for the proper observance by Esteves of the provisions of the revenue laws and their regulations, in the manufacture of rum, in which he intended to engage, it constitutes a civil obligation entirely independent of the damage which The People of Porto Rico might suffer through a failure on the part of Esteves to comply with his obligations, and of the liability of a criminal character which he might incur in the transactions of his business, as this Supreme Court has held in its opinions of November 24 and December 4, 1905, in the cases of *The People of Porto Rico* v. *Juana and Pascual Borrás* (9 P. R. Rep., p. 370) and *The People of Porto Rico* v. *Osvaldo Laborde et al.* (Id., p. 403), respectively; and, consequently, although the complaint does not allege that The People of Porto Rico suffered any loss as a consequence of the failure of Esteves to comply with his obligation, nor the amount thereof, nor that he failed to pay the fine and other liabilities imposed upon him by the Aguadilla court, it does not thereby become defective.

This is not the case with the third ground upon which the demurrer under consideration is based.

According to the combined provisions of sections 1104 and 1723 of the Revised Civil Code, identical with articles 1137 and 1822 of the former Code, the liability of sureties is subsidiary, or lies only in the event that the principal is found to be insolvent upon his property being proceeded against, unless they shall have obligated themselves jointly with the principal debtor, in which case they may be sued in conjunction with the latter; and as in this case the action is directed simultaneously against the principal and the sureties, and the complaint does not show that the sureties were jointly bound with the principal debtor, it is evident that the cause does

not state facts sufficient to constitute a cause of action against the sureties, and, consequently, that it is defective, and should be dismissed on this ground.

Under the circumstances, we are of the opinion that the judgment appealed from and the decision also appealed from, denying the motion for a new trial filed by the defendants, should be reversed, and that the complaint should be dismissed because it does not state facts sufficient to constitute a cause of action, as alleged in this opinion.

*Accordingly decided.*

Justices Figueras and Wolf concurred.

Justices Hernández and MacLeary did not take part in the decision of this case.